IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BUFORD W. MOSS                              )
                                            )
        v.                                  )        NO. 1:08-0039
                                            )
COLUMBIA FIRE DEPARTMENT                    )


TO:     Honorable Robert L. Echols, District Judge


### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered July 21, 2008 (Docket Entry No. 2), this civil action was referred to the

Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure,

for consideration of all pretrial matters.

Plaintiff filed this action pro se on July 10, 2008, against the Columbia Fire Department

alleging workplace discrimination.

The record in this action does not show that process has ever been served upon Defendant.[1]

Indeed, there has been no activity in the action subsequent to the Order entered July 21, 2008.

Accordingly, the Court recommends that this action be dismissed. Defendants have not been

served with process within 120 days of the date this action was filed as required by Rule 4(m) of the

Federal Rules of Civil Procedure. Rule 4(m) provides that, in the absence of a showing of good cause

by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without

prejudice.

---

[1] A Clerk's Office notation in the computerized docket states "no summons issued at this time-per pltf, he is getting an atty, who will prepare summons for service."

Furthermore, it is well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). The lack of any activity in the action whatsoever on the part of Plaintiff since paying the filing fee on July 10, 2008, indicates that he has lost interest in pursuing the action.

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

2